FILED
2018 Feb-13  PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| MAGGIE KILPATRICK and WILLIE MANGRUEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) ) | CIVIL ACTION NUMBER: CV-17- JURY DEMAND |
| PUBLIX SUPER MARKETS, INC., | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

1.      This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) *et seq.*, as amended by "The Civil Rights Act of 1991," (hereinafter "Title VII"), and The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (hereinafter "ADEA") which provide for relief against discrimination in employment on the basis of sex and age discrimination and retaliation.   Specifically, Plaintiffs allege that the Defendant discriminated and retaliated against them based upon their sex and age in the terms and conditions of

1

their employment.   The Plaintiffs seek compensatory, punitive damages and liquidated damages and requests a jury trial pursuant to 42 U.S.C. §1981a.

2.     Plaintiffs allege Defendant unlawfully discriminated and retaliated against them based on sex and age in the terms and conditions of their employment.

## JURISDICTION AND VENUE

3.     The unlawful employment practices alleged hereinbelow were committed by the Defendant within Limestone County, Alabama. Venue is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

4.     Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. §2000e-5; and 42 U.S.C. §§12112, 12117(a) and 12203, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981a and the "Civil Rights Act of 1866," as amended by §101 of the "Civil Rights Act of 1991," and The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

5.     Jurisdiction over this action is also conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6.     Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

7.     The Plaintiffs requests a jury trial on all issues pursuant to 42 U.S.C.

§1981a.

## PARTIES

8.     Plaintiff Maggie Kilpatrick (hereinafter sometimes referred to as "Plaintiff Kilpatrick" or "Kilpatrick") is a 61 year old Caucasian female citizen of the United States, and a resident of the State of Alabama.  Kilpatrick is employed by the Defendant.

9.     Plaintiff Willie Mangruen (hereinafter sometimes referred to as "Plaintiff Mangruen" or "Mangruen") is a 64 year old African-American male citizen of the United States, and a resident of the State of Alabama.  Mangruen is employed by the Defendant.

10.     Defendant, Publix Super Markets, Inc. (hereinafter sometimes referred to as "Publix" or "Defendant") is an employer within the meaning of the ADEA and Title VII.  At all times relevant to this action, USI has employed at least twenty (20) or more employees within the meaning of the ADEA, 29 U.S.C. §630(b) and at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. §2000e(b).

11.     Publix is located and doing business with this District and Division.

12.     At all relevant times, Plaintiffs have been employees of Defendant within the meaning of Title VII and the ADEA.

## ADMINISTRATIVE PREREQUISITES

13.     Plaintiffs have met all administrative conditions precedent for the filing of this case under Title VII and the ADEA.   Plaintiffs timely filed charges of discrimination and received their Right-to-Sue Letters/Notices from the EEOC. Plaintiffs have timely brought this action following the issuance of said Right-To-Sue Letters/Notices.

14.     Plaintiffs timely filed their charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") setting forth claims of sex and age discrimination and retaliation against the Defendant within 180 days of the occurrence of the last discriminatory act.  Plaintiffs' charges of age discrimination were pending with the EEOC for over sixty (60) days, 29 U.S.C. §626(d)(1); and Plaintiffs' charges of sex discrimination and retaliation were pending with the EEOC for more than 180 days.

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.  Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

16.     Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

# FACTS

## MAGGIE KILPATRICK

17.     Plaintiff Kilpatrick was hired by the Publix in November 1996 and worked for Publix until approximately 2010 when she retired for 15 months.

18.     Plaintiff Kilpatrick returned to work with Publix in 2011 as a part-time employee working as a cashier in the Athens, Alabama store number 1203.  Plaintiff Kilpatrick was told she would be scheduled to work anywhere from 30 to 36 hours per week.

19.     After a couple of years, Plaintiff Kilpatrick started working in the Floral section of the Produce Department and she was transferred to the Produce Department in 2013.

20.     After she returned to work with Defendant, Plaintiff Kilpatrick consistently worked between 30-32 hours every week for over six years.

21.     As part of employee's benefits with Publix, part-time employees are eligible for health insurance if they work at least 1500 hours per year.

22.     After her return to work with Defendant, Plaintiff Kilpatrick worked the required number of hours and received the health insurance.  Plaintiff Kilpatrick enrolled in the Blue Cross/Blue Shield group health plan and had her health insurance premiums deducted from her weekly check for this health insurance coverage.

5

23.    In May - June 2015, a new Publix store opened in Cullman, Alabama. The Cullman produce workers were sent to the Athens store for training from approximately June to August 2015.   Plaintiff Kilpatrick helped train the Cullman employees during this time.

24.    Plaintiff Kilpatrick has had several Produce Managers during her employment.

25.    From approximately Summer 2014 to June 2015, Plaintiff Kilpatrick's Produce Manager was Elmore Horak.  In or about June 2015, Mr. Horak retired.

26.    All of Plaintiff Kilpatrick's performance evaluations from these different Produce Managers were good evaluations.

27.    After Mr. Horak's retirement, in or about June of 2015, a new Produce Manager, Patrick King, approximately 35 years old, took over the Produce Department.  Mr. King was single when he became the Manager.

28.    Immediately upon King's arrival, the older produce workers, including Plaintiff Kilpatrick, saw their hours drastically cut from 30-38 hours to below 20 hours per week.

29.    King began scheduling younger, less qualified, female employees to work all of the hours in the Produce department.  Some of these younger females were transferred from other departments in the store to work in Produce.

30.     In addition, King gave full-time job positions to the younger, less qualified employees and never asked the other older workers in the Produce Department or Plaintiff Kilpatrick if they wanted to become full-time employees.

31.     Plaintiff Kilpatrick was not made a full-time employee even though she had informed Defendant that she wanted to be full-time.

32.     Plaintiff Kilpartick's hours were reduced and she was denied full time employment due to his age in violation of the ADEA

33.     King also would flirt and act inappropriately around the young female employees.  This flirting and inappropriate conduct by King began to create a sexually hostile work  environment in the Produce Department.

34.     One of these younger female employees, with whom King was flirting and acting inappropriately, told Plaintiff Kilpatrick that she got "special treatment" from King.

35.     Other older employees in the Produce Department began to complain about King's inappropriate behavior with this one younger female employee.

36.     As a result of these complaints, the comments made to Plaintiff Kilpatrick by this younger female employee, and her own observations of King's inappropriate conduct, Kilpatrick complained to King and informed him that his conduct was creating a sexually hostile work environment and problems in the

Produce Department, Plaintiff Kilpatrick also complained to King about the reduction of her working hours.  King refused to discuss Kilpartick's complaints with her.

37.     King began to retaliate against Plaintiff Kilpatrick for making her complaints of sexual discrimination and age discrimination to him.  King reduced Plaintiff Kilpatrick's hours so that she was only working about 20 hours per week, and he also took the some of the Floral Department duties from her.

38.     All of this conduct was in violation of the ADEA and Title VII.

39.     Plaintiff Kilpatrick made internal complaints about the discriminatory and retaliatory conduct of King.

40.     Plaintiff Kilpatrick complained to King on several occasions.

41.     Plaintiff Kilpatrick also complained twice to the Store Manager, Mike Willis, about King's discriminatory and retaliatory conduct, and his scheduling of the young females with all the hours and only scheduling the older employees and her less than 20 hours per week.  Mr. Willlis stated he would talk with King; however, this meeting never occurred.

42.     Plaintiff Kilpatrick also agreed to work in other areas of the store in order to increase her work hours.

43.     Publix took no actions to stop this discrimination or retaliation against Plaintiff Kilpatrick.

44.     All of this conduct was in violation of the ADEA and Title VII.

45.     In approximately December 2015, another older employee filed a formal complaint with Publix HR regarding the reduction in hours and the discrimination in the Produce Department.

46.     When the male investigator came from Birmingham to investigate the other worker's complaint, Plaintiff Kilpatrick met with him and told him about the discriminatory conduct.  Plaintiff Kilpatrick informed this investigator that all of the older people were having their work hours cut and were not being made full-time employees, when the younger, less qualified employees where being scheduled for the work hours and were being made full-time.  This male investigator informed Kilpatrick that "Publix was changing" and that there was not a full-time position available in floral.

47.     On information and belief, this male HR investigator prepared a written report stating that he found no evidence of discrimination despite Kilpaptrick corroborating her co-workers' complaints of discrimination.

48.     All of this conduct by Defendant was in violation of the ADEA and Title VII.

49.     In or about the end of February 2016, Plaintiff Kilpatrick was working the evening shift and another HR investigator, Kathy Miller, came to the store.

Kilpatrick met with Ms. Miller and she complained about the age and sex discrimination and retaliation, and the reduction of the weekly hours for the older workers. Ms. Miller had Plaintiff Kilpatrick sign a statement saying that she felt that she had been discriminated against. Kilpatrick did not hear back from Ms. Miller or anyone else in HR regarding her complaints of discrimination and retaliation.

50.    Plaintiff Kilpatrick's hours in the Produce Department continued to be reduced to around only 20 per week.

51.    Defendant did nothing to stop or correct the discriminatory and retaliatory conduct against Kilpatrick.

52.    All of this conduct was in violation of the ADEA and Title VII.

53.    As a result of Plaintiff Kilpatrick's hours being reduced due to discrimination and retaliation, she was in jeopardy of losing her health insurance for 2017 since she was not being scheduled to work enough hours to meet the required number of hours to qualify in 2016.

54.    As of the end of March 2016, Plaintiff Kilpatrick had only been allowed to work approximately 301 hours, which is way below the number that she needed to be working in order to reach the minimum of 1500 hours per year.

55.    As a result of the reduction of hours, Plaintiff Kilpatrick agreed to be on constant call to work shifts for employees who may not report to work, not only at her

location but at other store locations so that she could try to work the minimum number of hours for insurance coverage. This meant that Kilpatrick never knew when she may be called into work at the last minute to cover for another employee.

56.     In addition, the reduction of hours that she was being scheduled to work reduced Kilpatrick's income.

57.     All of this conduct was in violation of the ADEA and Title VII.

58.     Throughout Kilpatrick's employment with Defendant, she has been discriminated against and treated differently in the terms and conditions of her employment because of her age in violation of the ADEA. Plaintiff Kilpatrick was retaliated against for making complaints of age discrimination.

59.     Throughout her employment, Plaintiff Kilpatrick was also discriminated against and retaliated against for making a complaint of sex discrimination and hostile environment in violation of Title VII.

60.     Younger employees were not treated in the adverse and discriminatory manner in which Plaintiff Kilpartick was treated. Employees who had not opposed sexual discrimination were not treated in the adverse and discriminatory manner in which Plaintiff Kilpatrick was treated.

61.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement of hours and duties, lost back-

pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

62.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Title VII and ADEA cause of action.

### WILLIE MANGRUEN

63.    Plaintiff Mangruen was hired by the Publix in November 2008 as a part-time employee in the Produce Department of the Athens, Alabama store.  Mangruen was told he would be scheduled to work anywhere from 30 to 36 hours per week.

64.    When Plaintiff Mangruen was interviewed for the job, he told the store manager he was a Pastor and would be available to work Monday through Saturday but he would need Sunday off for church.  The manager told Mangruen that this request would not be a problem.

65.    Plaintiff Mangruen consistently worked between 36-38 hours every week for over eight years.

66.    As part of employee's benefits with Publix, part-time employees are eligible for health insurance if they work at least 1500 hours per year.

67.    Plaintiff Mangruen worked the required number of hours and received the health insurance.  Mangruen enrolled in the Blue Cross/Blue Shield group health

plan and he had his health insurance premiums deducted from his weekly check for this health insurance coverage.

68.     In May - June 2015, a new Publix store opened in Cullman, Alabama. The Cullman produce workers were sent to the Athens store for training.   Plaintiff Mangruen helped train the Cullman employees during this time.

69.     Plaintiff Mangruen has had several Produce Managers during his employment.  From approximately Summer 2014 to June 2015, Mangruen's Produce Manager was Elmore Horak.  In approximately June 2015, Horak retired.

70.     All of Plaintiff Mangruen's performance evaluations performed by Mr. Horak and his other Produce Managers were good evaluations.

71.     After Mr. Horak's retirement, in or about June of 2015, a new Produce Manager, Patrick King, approximately 35 years old, took over the Produce Department.  Mr. King was single.

72.     Immediately upon King's arrival, the older produce workers, including Mangruen, saw their hours drastically reduced from 36-38 hours to below 20 hours per week.

73.     King was scheduling the younger, less qualified female employees to work all of the hours in the Produce Department.  Some of these younger females were transferred from other departments in the store to work in Produce.

74.    King also gave full time job positions to the younger less qualified employees and never asked the other older workers in the Produce Department, including Mangruen, if they wanted to become full time employees.

75.    Plaintiff Manguren's hours were reduced and he was denied full time employment due to his age in violation of the ADEA

76.    King also would flirt and act inappropriately around the young female employees.   This flirting and inappropriate conduct by King began to create a sexually hostile work environment in the Produce Department.

77.    Some of the employees in the Produce Department complained to Plaintiff Mangruen about Mr. King's inappropriate behavior with one of these young female employees.

78.    As a result of these complaints from his co-workers and his own observations of King's inappropriate conduct, Plaintiff Mangruen attempted to talk to King to tell him that his conduct was creating a sexually hostile work environment and problems in the Produce Department and that it was also age discrimination.

79.    King refused to discuss Plaintiff Mangruen's complaints and concerns with him.

80.    King began to retaliate against Plaintiff Mangruen for making his complaint of sexual discrimination and age discrimination to him.

81.     After his complaints of discrimination, King drastically cut Mangruen's hours per week, and King began to subject him to stricter work rules than other employees.  King began to discipline Mangruen and write him up for conduct other employees were allowed to do without discipline.  King also gave Mangruen a poor performance evaluation.

82.     All of this conduct was in violation of the ADEA and Title VII.

83.     Plaintiff Mangruen made internal complaints about the discriminatory and retaliatory conduct of King.

84.     Plaintiff Mangruen complained to Mr. King on several occasions. Mangruen.

85.     Plaintiff Mangruen also complained to the Assistant Store Manager and the Store Manager.

86.     After Plaintiff Mangruen started complaining to the other Managers about King's discriminatory and retaliatory conduct, his working hours were drastically reduced until he was only receiving 5 hours per week.

87.     Plaintiff Mangruen complained twice to the Store Manager, Mike Wells, about King's discriminatory and retaliatory conduct, and about King scheduling the young less qualified females to work all of the hours and only scheduling the older employees less than 20 hours, including only scheduling him for 5 hours per week.

88.     After Mangruen complained again in October 2015, he was taken off the schedule for the week of November 2, 2015, and not given any work hours for that week.

89.     Plaintiff Mangruen complained to Store Manager Wells about his removal from the work schedule, and Wells informed Mangruen that he was leaving the scheduling up to King.  Wells stated he would set up a meeting with King and Mangruen; however, this meeting never occurred.

90.     Plaintiff Mangruen even offered to work at another store or in another department so he could make enough hours to support his family and maintain his health insurance.  Plaintiff Mangruen's requests were not granted.

91.     Publix took no actions to stop this discrimination or retaliation against Mangruen.

92.     All of this conduct was in violation of the ADEA and Title VII.

93.     In or about October 2016, Plaintiff Mangruen called and left several messages with HR to complain about the discriminatory and retaliatory conduct. When Lisa Hodson of HR finally returned Mangruen's call, he informed her about the discriminatory and retaliatory conduct, and she responded that Publix was "looking out for the future and leaning towards young people" to help keep the store going.

94.     Plaintiff Mangruen asked Ms. Hodson about the older employees who

help build up the store and whether Publix was throwing them under the bus.

95.     Ms. Hodson informed Plaintiff Mangruen that she would investigate and get back to him, but she did not get back with him.

96.     All of this conduct was in violation of the ADEA and Title VII.

97.     In or about December 2015, Plaintiff Mangruen filed a formal complaint with Publix HR regarding the reduction in his hours and the discrimination he was experiencing.

98.     The HR investigator, Jason Kaczmarek, prepared a written report of findings on February 8, 2016, stating that he found no evidence of discrimination.

99.     However, following this investigation by Kaczmarek, Plaintiff Mangruen's hours were increased to 20 hours per week.

100.    All of this conduct was in violation of the ADEA and Title VII.

101.    On March 10, 2016, Plaintiff Mangruen again contacted the HR investigator Mr. Kaczmarek to let him know that my hours were still only 20 per week. Plaintiff Mangruen requested that the HR intervene in this situation; however, Mr. Kaczmarek stated he did not set the work hour schedule.

102.    Defendant took no steps to stop or correct the discriminatory and retaliatory conduct against Plaintiff Mangruen.

103.    All of this conduct was in violation of the ADEA and Title VII.

104.   As a result of his hours being cut due to discrimination and retaliation, Plaintiff Mangruen lost his health insurance for 2016 since he did not work the required number of hours in 2015 to qualify.

105.   Plaintiff Mangruen was notified that his health insurance coverage would end on December 31, 2015.

106.   This conduct was in violation of the ADEA and Title VII.

107.   Throughout his employment with Defendant, Plaintiff Mangruen has been discriminated against and treated differently in the terms and conditions of his employment because of his age in violation of the ADEA.  Plaintiff Mangruen was retaliated against for making complaints of age discrimination.

108.   Throughout his employment with Defendant, Plaintiff Mangruen was also discriminated against and retaliated against for making a complaint of sex discrimination and hostile work environment in violation of Title VII.

109.   Younger employees and female employees were not treated in the adverse and discriminatory manner in which Plaintiff Mangruen was treated. Employees who had not opposed sexual discrimination were not treated in the adverse and discriminatory manner in which Plaintiff Manguren was treated.

110.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement of hours and benefits, lost back-

pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

111.   Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Title VII and ADEA cause of action.

## COUNT ONE - AGE DISCRIMINATION

112.   Plaintiffs re-allege and incorporate by reference paragraphs 1-111 above with the same force and effects as if fully set out in specific detail herein below.  This Count addresses those claims seeking to redress the unlawful employment practice of age discrimination conducted by Defendant's agents and employees and ratified by Defendant, and protected by federal law that prohibits age discrimination.

113.   This is an action to redress grievances resulting from acts of Defendant, its agents, servants, and employees committed with respect to Plaintiffs' employment and for a permanent injunction restraining Defendant from maintaining a policy and practice of discriminating against the Plaintiffs and other persons similarly situated on account of age.

114.   Plaintiffs are members of a protected group.

115.   Plaintiffs are qualified to perform the job duties of assigned to them by the Defendant and have conducted duties consistent with the position(s) in a

satisfactory manner during their employment.

116.   Plaintiffs were subjected to discriminatory treatment in the terms and conditions of their employment based on age by Defendant.

117.   Younger employees with less experience and seniority were not treated in a discriminatory manner and at all times were treated more favorable than Plaintiffs with respect to the terms and conditions in their employment with Defendant.

118.   Plaintiffs were directly affected by the discriminatory practices described in this Complaint.

119.   The systemic discrimination, as previously set forth, further adversely affected Plaintiffs by promoting and reinforcing age bias in the workplace.

120.   The Plaintiffs made good faith complaints in opposition to the age discrimination to which Plaintiffs were subjected.

121.   The Defendant intentionally and maliciously discriminated against the Plaintiffs by treating them differently in the terms and conditions of their employment and by reducing their hours and taking other adverse terms and conditions of their employment.  All of this conduct was in violation of ADEA.

122.   As a proximate result of Defendant's unlawful intentional discrimination, Plaintiffs suffered different terms and conditions of employment than their younger co-workers and was deprived of income and other benefits due to them.

123.   Such unlawful employment practices proximately caused Plaintiffs to suffer severe emotional distress, physical injury and pain, mental anguish, embarrassment, humiliation, shame, trauma, financial duress, wage and benefit loss, and financial loss for which they claim damages.

124.   The Plaintiffs seek declaratory and injunctive relief, reinstatement, award of lost employment benefits and wages, back pay, front pay, interest, liquidated damages, costs, attorneys' fees, and any and all other such relief the trier of fact may assess.

125.   Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back-pay, an injunction, and compensatory and punitive damages is their only means of securing adequate relief.

126.   Plaintiffs are suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct in violation of ADEA as set forth herein unless enjoined by this Court.

127.   Plaintiffs have satisfied all administrative prerequisites to bringing their ADEA claims:

A.   Plaintiffs timely filed Charges of Discrimination with the Equal Employment Opportunity Commission against Defendant alleging age discrimination

on April 22, 2016, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B.      On or about November 14, 2017 (Mangruen) and November 15, 2017 (Kilpatrick), the Equal Employment Opportunity Commission issued to Plaintiffs the Notices of Right to Sue on their EEOC Charges.

C.      This complaint has been filed within 90 days of Plaintiffs' receipt of the notification of Right to Sue from the Equal Employment Opportunity Commission.

## COUNT TWO - RETALIATION - ADEA

128.   Plaintiff re-alleges and incorporates by reference paragraphs 1-127 above with the same force and effects as if fully set out in specific detail herein below.  This is a claim against Defendant for the illegal and intentional acts of retaliation toward Plaintiffs following their complaints and opposition to age discrimination, all of which were in violation of the ADEA.

129.   Plaintiffs were treated differently in the terms and conditions of their employment and retaliated against for pursuing their civil rights protected by the laws of the United States to oppose age discrimination pursuant to the ADEA.  Plaintiffs complained to their supervisors about the age discrimination of older employees in the Department and the hostile work environment created by defendant's upper management, as fully described above.

130.   Plaintiffs' work environment, pay and conditions were materially altered and changed to the detriment of the Plaintiffs after they complained and opposed discrimination.  Plaintiffs were treated differently in the terms and conditions of their employment after voicing their complaints and opposition to the age discrimination. All of this conduct was in violation of the anti-retaliation provisions of the ADEA.

131.   The Plaintiffs made good faith complaints in opposition to the age discrimination and the improper environment it created.

132.   The Defendant intentionally and maliciously discriminated against the Plaintiffs by treating them differently in the terms and conditions of their employment.  All of this conduct was in violation of the anti-retaliation provisions of the ADEA.

133.   As a proximate result of Defendant's unlawful intentional discrimination, Plaintiffs suffered different terms and conditions of employment than employees who have not opposed discrimination and was deprived of income and other benefits due to them.

134.   Such unlawful employment practices proximately caused Plaintiffs to suffer severe emotional distress, physical injury and pain, mental anguish, embarrassment, humiliation, shame, trauma, financial duress, wage and benefit loss, and financial loss for which they claim damages.

135.   Plaintiffs seek declaratory and injunctive relief, reinstatement, award of lost wages and benefits, back pay, front pay, interest, liquidated damages, compensatory and punitive damages for loss of career opportunity, humiliation, embarrassment, and mental anguish; costs, attorneys' fees and any and all such other relief the trier of fact may assess.

136.   Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back-pay, an injunction, and compensatory and punitive damages is their only means of securing adequate relief.

137.   Plaintiffs are suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct in violation of the ADEA and its anti-retaliation provisions as set forth herein unless enjoined by this Court.

138.   Plaintiffs have satisfied all administrative prerequisites to bringing their ADEA claims:

A.     Plaintiffs timely filed Charges of Discrimination with the Equal Employment Opportunity Commission against Defendant alleging age discrimination on April 22, 2016, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B.     On or about November 14, 2017 (Mangruen) and November 15, 2017

(Kilpatrick), the Equal Employment Opportunity Commission issued to Plaintiffs the Notices of Right to Sue on their EEOC Charges.

C.     This complaint has been filed within 90 days of Plaintiffs' receipt of the notification of Right to Sue from the Equal Employment Opportunity Commission.

## COUNT THREE - RETALIATION - TITLE VII

139.   Plaintiff re-alleges and incorporates by reference paragraphs 1-138 above with the same force and effects as if fully set out in specific detail herein below.  This is a claim against Defendant for the illegal and intentional acts of retaliation toward Plaintiffs following their complaints and opposition to sex discrimination, all of which were in violation of Title VII.

140.   Plaintiffs were treated differently in the terms and conditions of their employment and retaliated against for pursuing their civil rights protected by the laws of the United States to oppose sex discrimination pursuant to Title VII.  Plaintiffs complained to their supervisors about the sex discrimination in the Department and the hostile work environment created by defendant's upper management, as fully described above.

141.   Plaintiffs' work environment, pay and conditions were materially altered and changed to the detriment of the Plaintiffs after they complained and opposed discrimination.  Plaintiffs were treated differently in the terms and conditions of their

employment after voicing their complaints and opposition to the sex discrimination. All of this conduct was in violation of the anti-retaliation provisions of Title VII.

142.   The Plaintiffs made good faith complaints in opposition to the sex discrimination and the improper environment it created.

143.   The Defendant intentionally and maliciously discriminated against the Plaintiffs by treating them differently in the terms and conditions of their employment.  All of this conduct was in violation of the anti-retaliation provisions of Title VII.

144.   As a proximate result of Defendant's unlawful intentional discrimination, Plaintiffs suffered different terms and conditions of employment than employees who have not opposed discrimination and was deprived of income and other benefits due to them.

145.   Such unlawful employment practices proximately caused Plaintiffs to suffer severe emotional distress, physical injury and pain, mental anguish, embarrassment, humiliation, shame, trauma, financial duress, wage and benefit loss, and financial loss for which they claim damages.

146.   Plaintiffs seek declaratory and injunctive relief, reinstatement, award of lost wages and benefits, back pay, front pay, interest, compensatory and punitive damages for loss of career opportunity, humiliation, embarrassment, and mental

anguish; costs, attorneys' fees and any and all such other relief the trier of fact may assess.

147.   Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back-pay, an injunction, and compensatory and punitive damages is their only means of securing adequate relief.

148.   Plaintiffs are suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct in violation of Title VII and its anti-retaliation provisions as set forth herein unless enjoined by this Court.

149.   Plaintiffs have satisfied all administrative prerequisites to bringing their Title VII claims:

A.   Plaintiffs timely filed Charges of Discrimination with the Equal Employment Opportunity Commission against Defendant alleging age discrimination on April 22, 2016, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B.   On or about November 14, 2017 (Mangruen) and November 15, 2017 (Kilpatrick), the Equal Employment Opportunity Commission issued to Plaintiffs the Notices of Right to Sue on their EEOC Charges.

C.   This complaint has been filed within 90 days of Plaintiffs' receipt of the

notification of Right to Sue from the Equal Employment Opportunity Commission.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs request the following relief:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiffs, as secured by Title VII and the ADEA.

2.     Grant Plaintiffs a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991" and The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

3.     Grant the Plaintiffs an order requiring the Defendant to make them whole by awarding Plaintiffs any and all positions/hours they would have occupied in the absence of age and sex discrimination and retaliation by the Defendant with the same seniority, leave and other benefits of the position (or front-pay), back-pay (with interest), lost benefits, and by awarding compensatory, nominal and/or punitive damages, liquidated damages, attorney's fees, costs, and expenses.

4.     Award Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action.

5.     The Plaintiffs further pray for such other relief and benefits as the cause

of justice may require, including, but not limited to, an award of costs, attorney's fees

and expenses.

Respectfully submitted,

_____

Candis A. McGowan
Lacey K. Danley
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

Plaintiffs demand a trial by jury on all claims triable to a jury.

_____

OF COUNSEL

**DEFENDANT'S ADDRESS:**

Serve Via Certified Mail -

Publix Super Markets, Inc.
Corporate Office
P. O. Box 407
Lakeland, Florida 33802-0407