FILED
2018 Mar-12  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **MAGGIE KILPATRICK and** | ) | |
| **WILLIE MANGRUEN,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | |
| | ) | **5:18-CV-00232-UJH-MHH** |
| vs. | ) | |
| | ) | |
| **PUBLIX SUPER MARKETS, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Publix Super Markets, Inc. (hereinafter referred to as "Publix" or "Defendant") hereby responds to the plaintiffs' complaint and states as follows:

1.      Publix admits that the Complaint initiated this legal action.  Publix denies the remaining allegations set forth in Paragraph 1 of the Complaint, including any allegation that it treated the plaintiffs unlawfully or that the plaintiffs are entitled to any relief.

2.      Publix admits that the plaintiffs allege unlawful conduct in the Complaint.  Publix denies the remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Publix denies the allegations set forth in paragraph 3 of the Complaint insofar as they suggest it committed unlawful employment practices with respect to

the plaintiffs.  The allegations in paragraph 3 regarding venue are legal conclusions to which no response is required.  In the event that the venue allegations are deemed factual in nature, Publix does not challenge venue.

4.    The allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix denies them.

5.    The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix denies them.

6.    The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix denies them.

7.    The allegations contained in paragraph 7 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix denies them.

## PARTIES

8.    Publix admits that it employs Kilpatrick and she is a Caucasian female citizen of the United States.  Upon information and belief Publix admits Kilpatrick is a resident of the State of Alabama and is over the age of 40.  Publix is without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9.     Publix admits that it employs Mangruen and he is an African-American male citizen of the United States.  Upon information and belief Publix admits Mangruen is a resident of the State of Alabama and is over the age of 40. Publix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10.     Publix admits the allegations of the first sentence of paragraph 10 of the Complaint.  Publix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 10 of the Complaint, and therefore denies the same.

11.     Publix admits the allegations set forth in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix admits them.

## ADMINISTRATIVE PREREQUISITES

13.     The allegations contained in paragraph 13 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are

deemed factual in nature, Publix admits plaintiffs each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and that a Notice of Right to Sue was issued for each charge. Publix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remaining allegations of paragraph 13 of the Complaint, and therefore denies the same.

14.     The allegations contained in paragraph 14 of the Complaint are legal conclusions to which no response is required. In the event that the allegations are deemed factual in nature, Publix admits plaintiffs each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remaining allegations of paragraph 14 of the Complaint, and therefore denies the same.

15.     The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required. In the event that the allegations are deemed factual in nature, Publix admits this Court has subject matter jurisdiction and does not challenge venue.

16.     The allegations contained in paragraph 16 of the Complaint are legal conclusions to which no response is required. In the event that the allegations are deemed factual in nature, Publix admits it is subject to jurisdiction in the State of

Alabama.

## FACTS

17.     Publix admits Kilpatrick worked at Publix from 1996 to 2010 and that it rehired Kilpatrick in 2011.  Publix denies the remaining allegations in paragraph 17 of the Complaint.

18.     Publix admits it hired Kilpatrick as a cashier in its Athens store in 2011.  Publix denies the remaining allegations in paragraph 18 of the Complaint.

19.     Publix admits Kilpatrick worked in the floral department and the produce department.  Publix denies the remaining allegations in paragraph 19 of the Complaint.

20.     Publix denies the allegations set forth in paragraph 20 of the Complaint.

21.     Publix admits the allegations set forth in paragraph 21 of the Complaint.

22.     Publix admits the allegations set forth in paragraph 22 of the Complaint.

23.     Publix admits the allegations set forth in paragraph 23 of the Complaint except the allegation related to the timing of the Cullman store opening, which Publix denies.

24.     Publix denies the allegations set forth in paragraph 24 of the

Complaint.

25.    Publix admits Elmer Horak was the Produce Manager at the Athens store, but avers that he held that position from September 2014 until he retired in June 2015.

26.    Publix denies the allegations set forth in paragraph 26 of the Complaint.

27.    Publix admits Nathaniel Patrick King became the Produce Manager in 2015 and that he was single at this time.  Publix denies the remaining allegations set forth in paragraph 27 of the Complaint.

28.    Publix denies the allegations set forth in paragraph 28 of the Complaint.

29.    Publix admits that an employee from another department worked in the produce department.  Publix denies the remaining allegations set forth in paragraph 29 of the Complaint.

30.    Publix denies the allegations set forth in paragraph 30 of the Complaint.

31.    Publix admits Kilpatrick was not a full-time employee.  Publix denies the remaining allegations set forth in paragraph 31 of the Complaint.

32.    Publix denies the allegations set forth in paragraph 32 of the Complaint.

33.     Publix denies the allegations set forth in paragraph 33 of the Complaint.

34.     Publix denies the allegations set forth in paragraph 34 of the Complaint.

35.     Publix denies the allegations set forth in paragraph 35 of the Complaint.

36.     Publix denies the allegations set forth in paragraph 36 of the Complaint.

37.     Publix denies the allegations set forth in paragraph 37 of the Complaint.

38.     Publix denies the allegations set forth in paragraph 38 of the Complaint.

39.     Publix denies the allegations set forth in paragraph 39 of the Complaint.

40.     Publix admits Kilpatrick complained to King about work hours. Publix denies the remaining allegations set forth in paragraph 40 of the Complaint.

41.     Publix admits Kilpatrick complained to Willis about work hours. Publix denies the remaining allegations set forth in paragraph 41 of the Complaint.

42.     Publix admits the allegations set forth in paragraph 42 of the Complaint.

43.     Publix denies that Kilpatrick experienced discrimination or retaliation.

44.     Publix denies the allegations set forth in paragraph 44 of the Complaint.

45.     Publix admits the allegations set forth in paragraph 45 of the Complaint, except for any suggestion that it actually discriminated against another employee, which Publix denies.

46.     Publix admits that Kilpatrick met with an investigator and discussed her work hours and that there was no full-time position available in the floral department.  Publix denies the remaining allegations set forth in paragraph 46 of the Complaint.

47.     Publix admits that the investigator found no evidence of discrimination.

48.     Publix denies the allegations set forth in paragraph 48 of the Complaint.

49.     Publix admits Kilpatrick met with Millar and discussed available hours and that Kilpatrick prepared a statement.   Publix denies the remaining allegations set forth in paragraph 49 of the Complaint

50.     Publix denies the allegations set forth in paragraph 50 of the Complaint.

51.     Publix denies Kilpatrick experienced discrimination or retaliation.

52.    Publix denies the allegations set forth in paragraph 52 of the Complaint.

53.    Publix denies the allegations set forth in paragraph 53 of the Complaint.

54.    Publix denies the allegations set forth in paragraph 54 of the Complaint.

55.    Publix denies the allegations set forth in paragraph 55 of the Complaint.

56.    Publix denies the allegations set forth in paragraph 56 of the Complaint.

57.    Publix denies the allegations set forth in paragraph 57 of the Complaint.

58.    Publix denies the allegations set forth in paragraph 58 of the Complaint.

59.    Publix denies the allegations set forth in paragraph 59 of the Complaint.

60.    Publix denies Kilpatrick experienced discrimination or retaliation.

61.    Publix denies Kilpatrick experienced discrimination or retaliation, and Publix further denies that Kilpatrick is entitled to any relief or damages.

62.    Publix denies the allegations set forth in paragraph 62 of the

Complaint.

63.   Publix admits it hired Mangruen as a part-time employee at the Athens store in 2008.   Publix denies the remaining allegations set forth in paragraph 63 of the Complaint.

64.   Upon information and belief, Publix admits that Mangruen is not available to work on Sundays.   Publix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 64 of the Complaint, and therefore denies the same.

65.   Publix denies the allegations set forth in paragraph 65 of the Complaint.

66.   Publix admits the allegations set forth in paragraph 66 of the Complaint.

67.   Publix admits the allegations set forth in paragraph 67 of the Complaint.

68.   Publix admits the allegations set forth in paragraph 68 of the Complaint except the allegation related to the timing of the Cullman store opening, which Publix denies.

69.   Publix admits Elmer Horak was a Produce Manager at the Athens store, but avers Horak held that position from September 2014 until he retired in June 2015.  Publix denies the remaining allegations set forth in paragraph 69 of the

Complaint.

70.     Publix denies the allegations set forth in paragraph 70 of the Complaint.

71.     Publix admits Nathaniel Patrick King became the Produce Manager in 2015 and that he was single at this time.  Publix denies the remaining allegations set forth in paragraph 71 of the Complaint.

72.     Publix denies the allegations set forth in paragraph 72 of the Complaint.

73.     Publix admits that an employee from another department worked in the produce department.  Publix denies the remaining allegations set forth in paragraph 73 of the Complaint.

74.     Publix denies the allegations set forth in paragraph 74 of the Complaint.

75.     Publix admits Mangruen was not a full-time employee.  Publix denies the remaining allegations set forth in paragraph 75 of the Complaint.

76.     Publix denies the allegations set forth in paragraph 76 of the Complaint.

77.     Publix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint as to what others said to Mangruen, and therefore denies the same.  Publix denies that

King acted inappropriately.

78.   Publix denies the allegations set forth in paragraph 78 of the Complaint.

79.   Publix denies the allegations set forth in paragraph 79 of the Complaint.

80.   Publix denies the allegations set forth in paragraph 80 of the Complaint.

81.   Publix admits King noted Mangruen's poor performance in an evaluation.  Publix denies the remaining allegations set forth in paragraph 81 of the Complaint.

82.   Publix denies the allegations set forth in paragraph 82 of the Complaint.

83.   Publix admits Mangruen made a complaint of age discrimination in December 2015.  Publix denies the remaining allegations set forth in paragraph 83 of the Complaint.

84.   Publix admits Mangruen complained to King about hours on at least one occasion.  Publix denies the remaining allegations set forth in paragraph 84 of the Complaint.

85.   Publix admits Mangruen complained about hours to Mike Willis. Publix denies the remaining allegations set forth in paragraph 85 of the Complaint.

86.     Publix admits Mangruen's hours were reduced for a period of time, but denies the suggestion that plaintiff's complaints caused the reduction.

87.     Publix denies the allegations set forth in paragraph 87 of the Complaint.

88.     Publix admits Mangruen did not work for a week in November 2015. Publix denies the remaining allegations set forth in paragraph 88 of the Complaint.

89.     Publix admits Willis and Mangruen discussed his hours.   Publix denies the remaining allegations set forth in paragraph 89 of the Complaint.

90.     Publix denies the allegations set forth in paragraph 90 of the Complaint.

91.     Publix denies that Mangruen experienced discrimination or retaliation.

92.     Publix denies the allegations set forth in paragraph 92 of the Complaint.

93.     Publix denies the allegations set forth in paragraph 93 of the Complaint.

94.     Publix denies the allegations set forth in paragraph 94 of the Complaint.

95.     Publix denies the allegations set forth in paragraph 95 of the Complaint.

96.     Publix denies the allegations set forth in paragraph 96 of the

Complaint.

97.    Publix admits Mangruen filed a formal complaint in December 2015 alleging that his hours had been reduced and that he believed it was because of his age.   Publix denies the remaining allegations set forth in paragraph 97 of the Complaint.

98.    Publix admits the allegations set forth in paragraph 98 of the Complaint.

99.    Publix admits the allegations set forth in paragraph 99 of the Complaint.

100.    Publix denies the allegations set forth in paragraph 100 of the Complaint.

101.    Publix admits that Mangruen spoke with Kaczmarek on or about March 10, 2016 about Mangruen's schedule.    Publix denies the remaining allegations set forth in paragraph 101 of the Complaint.

102.    Publix denies that Mangruen experienced discrimination or retaliation.

103.    Publix denies the allegations set forth in paragraph 103 of the Complaint.

104.    Publix admits Mangruen was not eligible for health insurance in 2016. Publix denies the remaining allegations set forth in paragraph 104 of the Complaint.

105.   Publix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint, and therefore denies the same.

106.   Publix denies the allegations set forth in paragraph 106 of the Complaint.

107.   Publix denies the allegations set forth in paragraph 107 of the Complaint.

108.   Publix denies the allegations set forth in paragraph 108 of the Complaint.

109.   Publix denies that Mangruen experienced discrimination or retaliation.

110.   Publix denies Mangruen experienced discrimination or retaliation, and Publix further denies that Mangruen is entitled to any relief or damages.

111.   Publix denies the allegations set forth in paragraph 111 of the Complaint.

## COUNT ONE – AGE DISCRIMINATION

112.   Publix reasserts and incorporates its responses to paragraphs 1 through 111 of the Complaint.

113.   Publix admits that the filing of this Complaint initiates legal action. Publix denies the remaining allegations set forth in paragraph 113 of the Complaint.

114.  Publix admits the allegations set forth in paragraph 114 of the Complaint.

115.  Publix denies the allegations set forth in paragraph 115 of the Complaint.

116.  Publix denies the allegations set forth in paragraph 116 of the Complaint.

117.  Publix denies the allegations set forth in paragraph 117 of the Complaint.

118.  Publix denies the allegations set forth in paragraph 118 of the Complaint.

119.  Publix denies the allegations set forth in paragraph 119 of the Complaint.

120.  Publix denies the allegations set forth in paragraph 120 of the Complaint.

121.  Publix denies the allegations set forth in paragraph 121 of the Complaint.

122.  Publix denies the allegations set forth in paragraph 122 of the Complaint.

123.  Publix denies the allegations set forth in paragraph 123 of the Complaint.

124.   Publix admits that the plaintiffs seek relief, but it denies any suggestion that they are entitled to it.

125.   Publix denies the allegations set forth in paragraph 125 of the Complaint.

126.   Publix denies the allegations set forth in paragraph 126 of the Complaint.

127.   The allegations contained in paragraph 127 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix denies them.

## COUNT TWO – RETALIATION - ADEA

128.   Publix reasserts and incorporates its responses to paragraphs 1 through 127 of the Complaint.

129.   Publix denies the allegations set forth in paragraph 129 of the Complaint.

130.   Publix denies the allegations set forth in paragraph 130 of the Complaint.

131.   Publix denies the allegations set forth in paragraph 131 of the Complaint.

132.   Publix denies the allegations set forth in paragraph 132 of the Complaint.

133.   Publix denies the allegations set forth in paragraph 133 of the Complaint.

134.   Publix denies the allegations set forth in paragraph 134 of the Complaint.

135.   Publix admits that the plaintiffs seek relief, but it denies any suggestion that they are entitled to it.

136.   Publix denies the allegations set forth in paragraph 136 of the Complaint.

137.   Publix denies the allegations set forth in paragraph 137 of the Complaint.

138.   The allegations contained in paragraph 138 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix denies them.

## COUNT THREE – RETALIATION – TITLE VII

139.   Publix reasserts and incorporates its responses to paragraphs 1 through 139 of the Complaint.

140.   Publix denies the allegations set forth in paragraph 140 of the Complaint.

141.   Publix denies the allegations set forth in paragraph 141 of the Complaint.

142.   Publix denies the allegations set forth in paragraph 142 of the Complaint.

143.   Publix denies the allegations set forth in paragraph 143 of the Complaint.

144.   Publix denies the allegations set forth in paragraph 144 of the Complaint.

145.   Publix denies the allegations set forth in paragraph 145 of the Complaint.

146.   Publix admits that the plaintiffs seek relief, but it denies any suggestion that they are entitled to it.

147.   Publix denies the allegations set forth in paragraph 147 of the Complaint.

148.   Publix denies the allegations set forth in paragraph 148 of the Complaint.

149.   The allegations contained in paragraph 149 of the Complaint are legal conclusions to which no response is required.  In the event that the allegations are deemed factual in nature, Publix denies them.

150.   Publix denies all allegations contained in the Complaint that are not specifically admitted herein.

151.   Publix denies that the plaintiffs are entitled to the relief requested in

the  Prayer for Relief or any relief whatsoever.  Publix further denies any and all liability with respect to any of the plaintiffs' claims.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are time-barred, either in whole or in part, by the statute of limitations.

### SECOND DEFENSE

Plaintiffs are not entitled to a jury trial on their claims for equitable relief.

### THIRD DEFENSE

All employment decisions regarding the plaintiffs were made for legitimate, nondiscriminatory, nonretaliatory reasons unrelated to the plaintiffs' age or alleged protected activity.

### FOURTH DEFENSE

Defendant avers that even if some impermissible motive was a factor in any employment decision concerning plaintiffs, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

### FIFTH DEFENSE

To the extent plaintiffs failed to exhaust their administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of

their claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

## SIXTH DEFENSE

Plaintiffs are not entitled to punitive damages because Defendant made good faith efforts to comply with Title VII, the ADEA, and all other applicable anti-discrimination and anti-retaliation laws.

## SEVENTH DEFENSE

To the extent plaintiffs failed to mitigate their alleged damages, their recovery, if any, must be reduced accordingly.

## EIGHTH DEFENSE

Plaintiffs' claims of disparate treatment and/or discrimination are barred on the grounds that they were not treated less favorably than any similarly situated individual.

## NINTH DEFENSE

To the extent Publix discovers any additional facts which would have warranted plaintiffs' alleged adverse actions, plaintiffs' claims and/or recovery may be barred in whole or in part because of after-acquired evidence of wrongful conduct. *See McKennon v. Nashville Banner Publ'g, Co.*, 531 U.S. 352 (1995); *Wallace v. Dunn Construction Co.*, 62 F. 3d 374 (11th Cir. 1995).

**TENTH DEFENSE**

Plaintiffs' claims, or some of them, are barred by the doctrines of laches, waiver and/or estoppel.

**ELEVENTH DEFENSE**

To the extent that plaintiffs allege that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred because Defendant's conduct was motivated entirely by reasonable factors other than age.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred because they were subjected to a change in their work conditions based on good cause.

**FOURTEENTH DEFENSE**

Defendant reserves the right to raise additional defenses available at law or in equity as may be discovered through the course of these proceedings.

WHEREFORE, Publix respectfully requests that the Court dismiss with prejudice plaintiffs' Complaint in its entirety and award Publix its costs, expenses,

and any and all other relief the Court deems just and proper.

/s/ Stacey T. Bradford
Stacey T. Bradford
Patrick D. Schach
**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL  35203-3204
Email: sbradford@littler.com
Email: pschach@littler.com
Telephone:  205.421.4700
Attorneys for Defendant
Publix Super Markets, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Candis A. McGowan
Lacey K. Danley
Wiggins, Childs, Pantazis, Fisher &
Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Phone: 205-314-0500

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

/s/ Stacey T. Bradford
OF COUNSEL